THE STATE OF OHIO, APPELLEE, v. HARRIS, APPELLANT.

[Cite as State v. Harris (1979), 65 Ohio App. 2d 182.]

(No. 1063—Decided June 5, 1979.)

*Mr. Michael DeWine,* prosecuting attorney, and *Mr. Stephan Haller,* for appellee.

*Rudd, Silverberg & Zaharieff Co., L.P.A.,* and *Mr. David A. Orlins,* for appellant.

McBRIDE, P. J. Defendant-appellant, Randy Eugene Harris, was charged, tried by a jury and found guilty of burglary under R. C. 2911.12. For appeal he assigns two grounds for error: (1) the trial court erred in not charging the jury on the lesser offense of grand theft, and (2) the verdict is contrary to law and against the manifest weight of the evidence.

The second assignment requires a review of the testimony and will be considered first. It is undisputed that there was a burglary at 861 E. Main Street, Xenia, Ohio, and that it was reported to the police while in progress. The defendant was found in bed inside the residence when the police entered. No one else was found inside, but defendant's brother was hovering near the house, first seen in the bushes behind it and later in front whistling and apparently hollering that the heat was on to alert his brother. Force had been used on the back door to gain entrance. When the police first arrived, they heard the sound of items being shuffled inside the home. The owner saw a person in a red shirt move past the upstairs window. A neighbor, who first reported the incident, saw a person carrying items out the back of the house into the bushes and re-

turning to the house. The description of this person matched that of the defendant as he appeared and was dressed when found inside in bed.

Items inside the house were in a confused mess. In the pocket of the subject was found, among other items, Canadian paper money. The owner was from Canada and his sister lives there. As a result of frequent visits, the owner had this cash, along with United States currency, in a glass jar, which had been emptied. The evidence is overwhelming, and is not refuted, that a forced entrance had been made without permission, that a theft offense had taken place and that the defendant was found inside with a portion of the stolen property in his pocket.

The defense did not contradict this. Instead, the defendant said that he was sick from drugs, that he did not know what happened and that he was, therefore, incapable of committing any offense. His story is that in a drunken stupor he met a "guy," unidentified, who offered to sell him heroin. They met inside the home that was burglarized; how entrance was obtained is avoided. Defendant stated that, while there, this "guy" sold him heroin and heated it for administration by using a candle; after which, it was injected and the defendant passed out. No instrument or candle was found. Defendant denied knowledge of anything thereafter until the police arrived and he awoke to face their guns.

It should be added that stereo equipment, a violin, a portable calculator and other items that were removed were located and recovered in the house to the rear, occupied by Douglas Taylor, a brother-in-law of the defendant.

Four months after the offense the defendant was interviewed by a psychiatrist. The psychiatrist, based upon what the defendant had told him and records, expressed an opinion, based upon the facts supplied, that after taking the heroin, the defendant was not aware of what he was doing.

The defense rests on incapability of criminal culpability. However, from the testimony, it appears that many of the facts that the expert accepted were either inaccurate or depended entirely upon the defendant's story, all of which the expert accepted. The expert's credibility and the value of his opinion depended upon a resolution of the conflicts in the testimony, which was solely in the province of the jury. One

detective testified that defendant "acted like he was sick" and wanted someone to carry him. There was no evidence of hallucinations, relied upon heavily by the expert, except by way of the defendant. The psychiatrist was not aware of any of the facts of the offense or what took place at the scene.

Defendant's arguments on the second assignment of error are based upon the weight of the evidence on the mental element. Since the evidence is conflicting and since the expert's opinion rests upon disputed facts, as well as some unverified facts, the weight to be given to the opinion of the expert was exclusively within the province of the jury and may not be reversed on review. The circumstantial evidence of culpability is substantial and competent. The jury did not accept the defendant's story, and the jury did not accept the psychiatrist's opinion.

There is no merit to the second assignment of error.

As to the first assignment of error, there are times, when the evidence is appropriate and there is a question of a possible failure of proof as to the greater offense, that an instruction on the lesser offense may properly be submitted to the jury.

Here, the proffered defense was a total and complete one that would defeat, if believed by the jury, a conviction for any offense requiring any degree of culpability. While not affirmative in nature, because it denied an essential element, the defense was absolute to both burglary and theft. The latter requires a purpose or intent to commit the offense. Under these circumstances, the evidence of total incapacity did not justify submission to the jury of any other offense requiring similar mental culpability. If the defendant possessed a capability of forming a purpose to commit a theft offense, he was equally capable of possessing knowledge and purpose to commit burglary.

In the absence of testimony as to how the defendant obtained entrance into the house, the only reasonable inference possible under the circumstances, discounting the claimed mental incapability of the defendant, is that the defendant committed the acts of force incidental to his unauthorized entrance into, and presence in, the house. In the face of the undisputed evidence of physical damage to the back door of the house in which he trespassed and in which he was the only occupant, there are no facts or inferences reasonably possible

that another person independently committed the acts essential to burglary.

The facts and, as discussed later herein, the proceedings at the conclusion of the instructions to the jury do not present the bare legal question of whether, or when, grand theft may be a lesser included offense under an indictment for burglary, *i.e.*, other factors are involved in ruling on this assignment of error. However, theft is not one of the included or related offenses of burglary. 8 Ohio Jurisprudence 2d 323 *et seq.*, Burglary and Other Breaking, Section 39 *et seq.;* Resource Manual for Judges, Volume 2, Unit IX, Article 2 (Lesser Included Offenses), page 2.01, published by the Ohio Judicial College. Turning to R. C. 2911.12, the *commission* of a theft offense or of any other felony is not incorporated into the burglary statute. This statute merely "lifts out" of the theft section the single element of *a purpose to commit therein* any theft offense or a felony. No other element of the theft offense, or of the *commission* of any other felony, exists in the burglary statute.

It may also be argued as a matter of statutory construction that burglary is not of the same general character as theft, but is a distinct and independent offense. *State* v. *Kuchmak* (1953), 159 Ohio St. 363. All of the elements of theft are not present with others in the offense charged in the indictment. *State* v. *Hreno* (1954), 162 Ohio St. 193. The only element of theft under R. C. 2911.12 is a degree of culpability, purpose or intent. The indictment in this case does not include an alternative charge of grand theft; it merely alleges, in the words of the burglary statute, the existence of a *purpose* to commit theft—a condition of the mind which is not an offense under any statute.

Since the language of the indictment for burglary does not include all the elements of a theft offense, a conviction for theft, without notice of such charge, would violate due process. The facts, circumstances and posture of this case do not reach a point of constitutional law, a decision on which is reserved for a more appropriate case in which that issue is raised and argued.

In the case of *State* v. *Harris* (Montgomery Co. Ct. of Appeals, No. 5373, May 5, 1977), unreported, this court held that a person cannot be sentenced for burglary and receiving stolen

property as a result of a single count in the indictment. The opinion reads, in part, as follows:

"A person cannot be convicted of a crime which is not charged in an indictment unless that crime is a lesser included offense to the crime charged in the indictment. There was only one crime charged in the indictment, to wit; burglary. To be a lesser included offense, a crime must be of the same class, of a lesser degree, and *all* of its elements must also be elements of the crime of greater degree. *State* vs. *Hreno,* 162 Ohio St. 193; *State* vs. *Kuchmak,* 159 Ohio St. 363. Besides not being of the same class, *none* of the elements of receiving stolen property are also elements of the crime of burglary." (Emphasis *sic.*)

In the present case, the questions of instructions and lesser included offenses were discussed at length in chambers. This discussion extended into the question of a prior conviction for a theft offense which the court declined and to which the defendant noted exceptions. The court invited further consideration after lunch of any instructions desired.

Near the conclusion of the instructions, there was another conference, as follows:

"The Court: ***What about the lesser included, did you ever decide?

"Mr. Orlins: No lesser included offenses.

"The Court: All right."

After instructions were concluded, the court again inquired:

"The Court: Is there anything additional from counsel?

"Mr. Haller: Not on behalf of the State.

"Mr. Orlins: No, your Honor.

"The Court: The jury is excused."

Thereafter, the jury commenced deliberations.

The discussion of a possible instruction on a lesser included offense of grand theft appears in the record along with objections to one phase of such a submission; however, no final decision on the subject was made. Thereafter, the court twice inquired and was twice told that nothing further was required. In the first instance, defense counsel indicated that he had decided against submission of any lesser included instruction. In the second instance, just before the jury commenced deliberations, he indicated he had no further request. This is a

waiver by counsel of any instruction on a lesser included offense of theft.

Once a request for an instruction is rejected by the court, repetition of the request is unnecessary. However, here, there continued an uncertainty on the ruling and the issue was directly raised by the court twice toward the end of the charge, and the request was expressly waived.

Crim. R. 30 provides, in part, as follows:

"A party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires***."

Here, the record contains no specific objection. Further, it contains an express waiver, followed later by a statement that counsel for defendant desired nothing further.

Under these circumstances there is no merit to the first assignment of error.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

KERNS and PHILLIPS, JJ., concur.