OPINION
{¶ 1} Defendant-appellant, Antonio Campbell, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On the afternoon of April 6, 2007, appellant's girlfriend, Jessica Pace, and her father, Clifford Johnston, drove to a house located at 2835 Berrell Avenue in Columbus, Ohio. A family birthday party had been planned at the house for Clifford's mother, Mamie Ellis. Pace and Clifford drove there to drop off Kareem, one of Ellis' great *Page 2 
grandchildren, at the house for the party. Clifford and his wife had custody of some of Ellis' great grandchildren instead of the children's mother, Tequila Johnston.
 {¶ 3} While at the house, Pace got into a verbal altercation with Tequila about her children. At the time, Clifford was seated in his van talking to his sister, Martie Johnston. Pace then got into a physical altercation with Martie, who pushed Pace into Clifford's van. Clifford and Pace then drove away from the house. A number of people in the area heard Pace say words to the effect that she would be back to "shoot this place up."
 {¶ 4} After leaving the house, an angry Pace called appellant and asked him to bring her a gun. Appellant drove to his house with his cousin, Timothy Blankenship, to pick up some guns. They then went to Pace's mother's house to meet Pace. Clifford, Pace, and her mother were at the house waiting for appellant inside Clifford's van. Appellant and Blankenship got into the van and the five of them discussed what had happened at Mamie Ellis' house. They decided to return to Ellis' house to pick up Kareem. On the way to the house, they called the police to have them appear at the house so they could press charges for the earlier physical altercation with Pace. Appellant loaded his shotgun with five shells. Blankenship had a handgun.
 {¶ 5} Clifford drove back to Ellis' house and parked his van at the end of the driveway. Pace and her mother exited the van and got into a verbal argument with another of Ellis' great grandchildren. Appellant and Blankenship also got out of the van. They got into a fight with a number of family members who were at the house to attend the party. Appellant and Blankenship broke free from the fight and ran back to Clifford's van. Appellant reached in the van, took out his shotgun, and fired a shot in the air to scatter the crowd. Blankenship also fired his handgun. Appellant walked in front of the van and fired *Page 3 
four more shots in the direction of people he later claimed had guns. Three men were shot at the scene, two by a shotgun and the other by a handgun. Clifford was also shot in the head. Police arrived shortly thereafter and arrested appellant.
 {¶ 6} Detectives from the Franklin County Sherriff's Office interviewed appellant after the shooting. Appellant told them that he fired his shotgun first and then shot at two people who had fired at him. Spent shell casings collected at the scene indicated that at least two other people fired guns in the area. Clifford's van had bullet holes, as did the house across the street behind the van.
 {¶ 7} A Franklin County Grand Jury indicted appellant with three counts of felonious assault in violation of R.C. 2903.11, one count of improperly discharging a firearm at or into a habitation or school safety zone in violation of R.C. 2923.161, and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16. Each count also contained a firearm specification pursuant to R.C. 2941.14. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.
 {¶ 8} At trial, appellant testified that he fired his gun in self-defense after someone else fired a gun and shot Clifford. The jury rejected appellant's claim of self-defense and found him guilty of all counts and firearm specifications with the exception of one of the felonious assault counts. The trial court sentenced him accordingly.
 {¶ 9} Appellant appeals and assigns the following errors:
 First Assignment of Error: Counsel's omissions denied appellant his Sixth Amendment and Article I, Section 10 right to the effective assistance of counsel.
 Second Assignment of Error: The court's responses to jury questions regarding the affirmative defense of self-defense improperly confused the issues and narrowed the availability of the defense by adding to the duty to retreat and limiting the *Page 4 
availability of the defense to the offense of discharging a firearm at or into a habitation.
 Third Assignment of Error: Appellant established by a preponderance of the evidence that he acted in self-defense. Consequently his convictions for felonious assault and improperly discharging a firearm at or into a habitation or school safety zone were against the manifest weight of the evidence.
 Fourth Assignment of Error: Appellant established he acted in self-defense by a preponderance of the evidence. The defense having been established as a matter of law, the jury's guilty verdicts are not supported by legally sufficient evidence.
 Fifth Assignment of Error: The court erroneously overruled appellant's motions for acquittal pursuant to Criminal Rule 29.
 {¶ 10} For ease of anaylsis, we address appellant's assignments of error out of order. He contends in his second assignment of error that the trial court erred when it responded to questions from the jury. We disagree.
 {¶ 11} It is within the sound discretion of the trial court to provide supplemental instructions in response to a question from the jury.State v. Thompson (Nov. 10, 1997), Franklin App. No. 97APA04-489, citingState v. Maupin (1975), 42 Ohio St.2d 473, 486. The trial court's response, when viewed in its entirety, must constitute a correct statement of the law and be consistent with or properly supplement the jury instructions that have already been given. State v. Hull, Mahoning App. No. 04 MA 2, 2005-Ohio-1659, at ¶ 45; Sabina v. Kress, Clinton App. No. CA2006-01-001, 2007-Ohio-1224, at ¶ 15; State v. Letner (Feb. 23, 2001), Greene App. No. 2000-CA-58. "`A reversal of a conviction based upon a trial court's response to such a request requires a showing that the trial court abused its discretion.'" State v. Young, Franklin App. No. 04AP-797, 2005-Ohio-5489, at ¶ 35, quoting State v. Carter (1995),72 Ohio St.3d 545, 553. An abuse of discretion *Page 5 
connotes more than an error of law, it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. State v.Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 6.
 {¶ 12} At trial, appellant claimed that he acted in self-defense. The trial court instructed the jury on the elements of a claim of self-defense: (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant had an honest belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant did not violate any duty to retreat or avoid the danger. See State v. Robbins (1979), 58 Ohio St.2d 74, at paragraph two of the syllabus. The trial court further instructed the jury as to which counts appellant's claim of self-defense applied. The trial court also instructed the jury that it was appellant's burden to prove that he acted in self-defense. Appellant did not object to the trial court's initial self-defense instructions.
 {¶ 13} After a day of deliberations, however, the jury asked "[w]hat is his [appellant's] duty to retreat?" The trial court answered that "[appellant] had a duty to retreat if he was at fault in creating the situation giving rise to the affray [or] if the defendant did not have reasonable grounds to believe and an honest belief that he was in imminent danger of death or great bodily harm, and that his only meansof escape from that danger was by the use of deadly force." (Emphasis added.) Appellant's trial counsel objected to the italicized portion of the response, claiming that it provided the jury with another general, unspecified duty to retreat.
 {¶ 14} The trial court's response was a correct statement of the law governing self-defense. It reiterated the elements required to prove self-defense and did not provide the *Page 6 
jury with another duty to retreat. The trial court did not abuse its discretion by answering the jury's question in this manner.
 {¶ 15} Shortly after the trial court answered the jury's first question, the jury asked another question: "If in [appellant's] mind-after he got away-or was let go-and he returned to the fight fully believing the fight was continuing and he then fired his gun-is the re-joining of the fight-self-defense?" The trial court answered that "[t]his question involves making an inference based upon another inference and it cannot be answered." Appellant's counsel again objected, claiming that the actual answer to the jury's question should simply be "yes."
 {¶ 16} The trial court need not provide additional instructions to the jury in every situation where a jury asks a question. State v.Kirin (Aug. 11, 2000), Trumbull App. No. 99-T-0054. Here, the jury asked the trial court to answer a question that the jury needed to answer: whether appellant acted in self-defense based on the jury's assessment of the evidence. Therefore, the trial court did not abuse its discretion by declining to answer this question.
 {¶ 17} The jury then asked "If an individual was shooting at a personand with the intent to shoot the person, and hit an inhabited home behind it, would they be guilty of shooting into discharging a firearm into a habitation? The intention was not to hit the habitation, but the person." (Emphasis sic). The trial court responded that "[s]ubject [to] the jury instructions, yes." Appellant's trial counsel objected to the response but did not indicate the basis for his objection. *Page 7 
 {¶ 18} Appellant now claims that the trial court's response eliminated the availability of self-defense to the count of improperly discharging a firearm at or into a habitation. We disagree.
 {¶ 19} The trial court's response indicated that an individual could be found guilty of discharging a firearm into a habitation under the circumstances set forth in the question "[s]ubject [to] the jury instructions" that had already been provided to the jury. Those instructions informed the jury that self-defense was a defense to the charge of discharging a firearm into a habitation. Thus, the trial court's supplemental instruction did not eliminate self-defense for this count. Additionally, the thrust of the jury's question did not concern appellant's claim of self-defense; rather, it addressed the element of intent. Therefore, there would be no need for the trial court to reference or reinforce appellant's claim of self-defense in its response. Cf. State v. Davis (Dec. 31, 1998), Lake App. No. 97-L-246 (no need for trial court to repeat definition of knowingly in response to jury's question regarding definition of crime).
 {¶ 20} Because the trial court did not abuse its discretion in its responses to the jury's questions, appellant's second assignment of error is overruled.
 {¶ 21} Appellant contends in his fourth and fifth assignments of error that his convictions were not supported by sufficient evidence because the overwhelming evidence established that he acted in self-defense. We disagree. Self-defense is an affirmative defense. State v.Calderon, Franklin App. No. 05AP-1151, 2007-Ohio-377, at ¶ 30, quotingState v. Williford (1990), 49 Ohio St.3d 247, 249. A review for sufficiency of the evidence does not apply to affirmative defenses, because this review does not consider the strength of defense evidence.State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, *Page 8 
at ¶ 37; State v. Harrison, Franklin App. No. 06AP-827, 2007-Ohio-2872, at ¶ 23; State v. Levonyak, Mahoning App. No. 05 MA 227, 2007-Ohio-5044, at ¶ 38-41. The claim of insufficient evidence challenges the sufficiency of the State's evidence. Thus, appellant cannot challenge the jury's rejection of his claim of self-defense on the ground of sufficiency of the evidence. State v. Cooper, 170 Ohio App.3d 418,2007-Ohio-1186, at ¶ 15; Harrison. Accordingly, we overrule appellant's fourth and fifth assignments of error.
 {¶ 22} Appellant contends in his third assignment of error that his convictions are against the manifest weight of the evidence. A manifest weight of the evidence claim concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."' Thompkins, supra, at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction."' Id.
 {¶ 23} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. *Page 9 Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28;State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 24} Appellant claims that the jury lost its way when it rejected his claim of self-defense. We disagree. As noted, to claim self-defense, appellant had the burden to prove (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had an honest belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he did not violate any duty to retreat or avoid the danger. The "not at fault" requirement also means that the defendant must not have been the first aggressor in the incident.State v. Turner, 171 Ohio App.3d 82, 2007-Ohio-1346, at ¶ 23; State v.New, Franklin App. No. 05AP-262, 2005-Ohio-6471, at ¶ 9 (aggressor of fight cannot rely on self-defense).
 {¶ 25} Appellant argues that his testimony supports his claim for self-defense, because he testified that he was not at fault for creating the situation and that he was in fear of imminent danger or great bodily harm. However, there was substantial evidence that appellant was the aggressor and did not act in self-defense. Apparently, the jury did *Page 10 
not find appellant's testimony credible. Appellant demonstrates no reason why the judgment is against the manifest weight of the evidence. In fact, the weight of the evidence supports the jury's determination that appellant did not act in self-defense.
 {¶ 26} Appellant went to the house with a loaded shotgun. Although he initially exited the van without a gun, he ran to the van to get his shotgun after becoming involved in a fight with people at the party. He testified that no one chased him to the van. Instead of staying inside the van or fleeing the scene, he grabbed his shotgun, fired a shot into the air and then walked around the van and fired four more shots at people in the immediate area.
 {¶ 27} The weight of the evidence indicates that appellant was the aggressor and escalated the confrontation by retrieving his shotgun and being the first to shoot. The jury did not lose its way when it rejected appellant's claim of self-defense. Appellant's convictions are not against the manifest weight of the evidence. His third assignment of error is overruled.
 {¶ 28} Finally, appellant contends in his first assignment of error that he received ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable *Page 11 
professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.Strickland at 690.
 {¶ 29} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 30} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 31} Appellant claims his trial counsel was ineffective for failing to properly question two witnesses. Specifically, he contends that counsel's deficient conduct prevented the jury from hearing testimony that would have identified another person at the scene (other than Blankenship) who had a gun and that prior to appellant's arrival at the scene, Martie Johnston called people to come to the house with guns.
 {¶ 32} Even if his trial counsel's performance was deficient, appellant cannot demonstrate that he was prejudiced by his counsel's performance. See State v. Dycus, *Page 12 
Franklin App. No. 04AP-751, 2005-Ohio-3990, at ¶ 23 (rejecting ineffective assistance of counsel claim upon failure to demonstrate prejudice without addressing first prong of Strickland test). Overwhelming evidence already indicated the presence of other people with guns at the scene. For example, Pamela Foster, another family member who was at the house on April 6, 2007, testified that she saw two men (other than appellant and Blankenship) at the house with guns. A neighbor who lived across the street also testified that she saw at least one man with a gun come around from the back of the house. Ballistic evidence also indicated the presence of at least two other guns that had been fired in the area. There were bullet holes in Clifford's van as well as in the house across the street behind the van. Finally, Clifford was shot during the shooting. Based upon this evidence, the jury was well aware that there were multiple people at the scene shooting firearms. Therefore, the failure of appellant's trial counsel to elicit testimony establishing the identity of a person at the scene who had a gun or establishing that others at the party were prepared for a gun fight, did not materially prejudice appellant.
 {¶ 33} Additionally, even if this testimony had been admitted, the testimony is not at odds with the jury's rejection of appellant's claim of self-defense. The jury obviously rejected appellant's assertion that he was not the aggressor. Evidence indicating the identity of the people with guns, or the reason those people had guns at the party, would not have prevented the jury's rejection of appellant's claim of self-defense.
 {¶ 34} Appellant has not demonstrated that he received ineffective assistance of counsel. Accordingly, his first assignment of error is overruled. *Page 13 
 {¶ 35} Appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1