**The STATE of Ohio, Appellee,**

v.

**CRUMP, Appellant.**

[Cite as *State v. Crump*, 190 Ohio App.3d 286, 2010-Ohio-5263.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–151.

Decided Oct. 28, 2010.

</div>

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Brian J. Rigg, for appellant.

SADLER, Judge.

{¶ 1} Appellant, Brandon Crump, filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas finding him guilty on a charge of burglary, a second-degree felony. For the reasons that follow, we affirm.

{¶ 2} At around 6:20 p.m. on October 27, 2009, Katherine Spencer called 9–1–1 to report that she saw two black males breaking into her neighbor's apartment at 660 Woodrow Avenue, Apartment L. Spencer told the dispatcher that she had seen the two men break into the apartment through a back window and that she had then seen them going in and out of the apartment's back door. At trial, Spencer testified that she had not actually seen the two individuals breaking in through the window, but assumed they had because the window was open.

{¶ 3} In the recording of the 9–1–1 call, Spencer described the two as "skinny black guys," one wearing a black hoodie and one wearing a red one. At trial, Spencer testified that she was not certain whether the red jacket worn by the individual she saw was a hoodie or a regular jacket with no hood. Spencer also testified that she did not know whether the jacket had an Ohio State logo or not. At the time of his arrest, appellant was wearing a jacket with an Ohio State logo on the back and no hood.

{¶ 4} Spencer also told the dispatcher that she was not watching out her window the entire time because she did not want to be seen calling the police. After Spencer informed the dispatcher that she had seen the police arrive, she ended the call. At trial, Spencer testified that she saw the police apprehend the individual she had seen breaking into the apartment, and she identified appellant as that individual.

{¶ 5} When being questioned at trial about her view of the red jacket, Spencer volunteered that she had been drinking earlier in the day of the break-in. Spencer denied ever smoking "weed."

{¶ 6} Officers Glenn Bray and Todd Eagon of the Columbus Police Department responded to the call. Bray testified that as the officers approached the scene, he saw an individual wearing a red jacket leaving the back patio of the apartment. The officers took the individual, whom Bray identified at trial as appellant, into custody. Upon searching appellant, Bray found a box of ammunition in appellant's pocket. Bray further testified that he did not think the red jacket worn by appellant was a hoodie and that it had a sports logo of some type on the back, but he could not state whether it was an Ohio State logo. Bray testified that he was not concerned about details regarding the jacket, because the description he had been provided was that of a person wearing a red jacket, and he did not consider the distinction between a hoodie and a regular jacket to be important.

{¶ 7} The state also called as a witness Anthony Turner, who lived at 660 Woodrow Avenue, Apartment L, with Kenya Nettles and her child. Turner testified that neither he nor anyone else was at the apartment at the time of the break-in but that he was contacted shortly thereafter. Turner testified that the apartment had been ransacked and that some items of property were missing, including a large-screen television and a gun. Turner also testified that when he arrived at the apartment, the back window had been pried open, and a computer belonging to Nettles was on the back patio. Turner further testified that the box of ammunition found on appellant's person belonged to him.

{¶ 8} Detective John Chapman of the Columbus Police Department testified that he was assigned to investigate the burglary in this case. Chapman testified that he was unable to find any fingerprints at the scene. He also testified that he interviewed appellant after appellant's arrest and that during the interview, appellant was wearing a red Ohio State jacket.

{¶ 9} During his case-in-chief, appellant called his brother, James Crump, as a witness. James testified that appellant would normally wear either a red Ohio State jacket or a gray hoodie, but that appellant did not wear a red hoodie. Defense counsel asked James whether he had seen Spencer smoking something other than tobacco products within the two and one-half weeks prior to trial. The prosecuting attorney objected to the question, and the trial court sustained the objection.

{¶ 10} During trial, appellant testified on his own behalf. Appellant testified that on the day in question, he had been walking in an alley in the area of the apartment buildings when he first saw Rodriguez Turner, Anthony Turner's cousin. Subsequently, while still walking in the alley, appellant saw an individual named Malakai Lewis walking through the alley carrying a television. Appellant testified that Lewis told him that Lewis and a number of other people had broken into Anthony Turner's apartment and taken a number of items of property. Appellant then testified that he went to the apartment to check on what had happened, found the box of ammunition near the patio, and picked it up so he could return it to Turner, at which time the police arrived on the scene and arrested him.

{¶ 11} Appellant requested that the jury instructions include an instruction on theft as a lesser-included offense of burglary. The trial court declined to give such an instruction, finding that theft is not a lesser-included offense of burglary.

{¶ 12} The jury returned a verdict of guilty, and appellant was sentenced to a term of eight years of imprisonment. Appellant filed this appeal and asserts four assignments of error:

### Assignment of Error One

The trial court committed error when limiting the testimony of a defense witness.

### Assignment of Error Two

The trial court erred when it refused to allow the defendant's request for a jury instruction for theft.

### Assignment of Error Three

The verdict is against the sufficiency and manifest weight of the evidence.

### Assignment of Error Four

There was insufficient evidence to convict the defendant.

 {¶ 13} In his first assignment of error, appellant argues that the trial court erred when it did not allow questioning of appellant's brother James about whether he had seen Spencer smoking marijuana approximately two and one-half weeks prior to trial. We review a trial court's decision regarding the admission of evidence for an abuse of discretion. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62, citing *State v. Issa* (2001), 93 Ohio St.3d 49, 752 N.E.2d 904. Thus, our inquiry is limited to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably in deciding the evidentiary issues. *Conway* at ¶ 62, citing *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240.

{¶ 14} Evid.R. 608(B) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

 {¶ 15} In this case, appellant sought to introduce evidence that Spencer smoked marijuana approximately two and one-half weeks before trial, as a means of impeaching her testimony by calling into question her general character for truthfulness. During that testimony, Spencer admitted that she had been drinking that evening, but when asked whether she smokes anything other than tobacco, stated that she does not smoke "weed." Appellant acknowledges that

impeachment on the issue of whether Spencer does or does not smoke marijuana would constitute impeachment on a collateral matter, but he argues that this evidence would have been clearly probative of Spencer's general character for truthfulness or untruthfulness.

{¶ 16} We cannot say that the trial court's decision to exclude evidence that Spencer smoked marijuana two and one-half weeks prior to trial in this matter was unreasonable, arbitrary, or unconscionable. The trial court therefore did not abuse its discretion in excluding the evidence.

{¶ 17} Therefore, appellant's first assignment of error is overruled.

{¶ 18} In his second assignment of error, appellant argues that the trial court erred when it declined to instruct the jury on theft as a lesser-included offense of burglary. When determining whether one offense is a lesser-included offense of another, courts must consider whether (1) the offense carries a lesser penalty than the other offense, (2) the greater offense, as statutorily defined, can never be committed without the lesser offense, as statutorily defined, also being committed, and (3) some element of the greater offense is not required to prove commission of the lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. If the three parts of the *Deem* test are met, and the court determines that "the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense, then the judge should instruct the jury on the lesser [included] offense." *Shaker Hts. v. Mosely,* 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11.

{¶ 19} Appellant was indicted on one count of burglary as a second-degree felony. The indictment tracks the language of the R.C. 2911.12(A)(2) form of burglary, which prohibits "[t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶ 20} Application of the *Deem* test shows that theft is not a lesser-included offense of burglary. Although theft may form the basis for the offense of burglary, the offense of burglary requires the offender to have trespassed with the purpose of committing any criminal offense (whether theft or some other offense), but does not require the actual commission of the criminal offense. Thus, it is possible to commit the offense of burglary without committing the offense of theft. See *State v. Kilgore* (June 16, 2000), 2d Dist. No. 17880, 2000 WL 770530; *State v. Harris* (1979), 65 Ohio App.2d 182, 19 O.O.3d 133, 417 N.E.2d 573.

{¶ 21} Therefore, appellant's second assignment of error is overruled.

{¶ 22} In his third and fourth assignments of error, appellant argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. The two assignments are interrelated and will therefore be addressed together.

{¶ 23} When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court must examine the evidence submitted at trial to determine whether such evidence, if believed, would convince an average person of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See also *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 24} This test raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. Rather, the sufficiency-of-the-evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. Accordingly, the reviewing court does not substitute its judgment for that of the factfinder. *Jenks* at 279, 574 N.E.2d 492.

{¶ 25} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. However, in engaging in this weighing, the appellate court must bear in mind the factfinder's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on manifest-weight grounds should only be used in exceptional circumstances when "the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 26} A defendant is not entitled to a reversal on manifest-weight grounds merely because inconsistent evidence was offered at trial. *State v. Campbell*, 10th Dist. No. 07AP–1001, 2008-Ohio-4831, 2008 WL 4332044. The trier of fact is free to believe or disbelieve any or all of the testimony presented. *State v. Jackson* (Mar. 19, 2002), 10th Dist. No. 01AP–973, 2002 WL 416994. The

trier of fact is in the best position to take into account the inconsistencies in the evidence, as well as the demeanor and manner of the witnesses, and to determine which witnesses are more credible. *State v. Williams,* 10th Dist. No. 02AP–35, 2002-Ohio-4503, 2002 WL 2005815. Consequently, although appellate courts must sit as a "thirteenth juror" when considering a manifest-weight argument, it must also give great deference to the trier of fact's determination on the credibility of the witnesses. *State v. Covington,* 10th Dist. No. 02AP–245, 2002-Ohio-7037, 2002 WL 31839206.

{¶ 27} In support of his arguments that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, appellant points to the contradictory evidence at trial regarding the clothing appellant was wearing. In the recording of the 9–1–1 call, Spencer stated that one of the individuals she saw was wearing a black hoodie and one was wearing a red hoodie, while at the time of his arrest, appellant was wearing a red Ohio State jacket with no hood.[1] During her trial testimony, Spencer testified that she was uncertain whether the person she saw was wearing a red jacket or a red hoodie. There was also testimony at trial to the effect that in the statement she gave to the police that evening, Spencer described one of the people she saw as wearing a black hoodie, but described the other as wearing a red coat.

{¶ 28} Appellant also cites the fact that Spencer did not identify the Ohio State logo on the jacket she described in the 9–1–1 call. At trial, Spencer testified that she would have been in a position to see the logo, but acknowledged that she did not include it in her description. Appellant also cites Spencer's testimony that she saw only the backs of the individuals she saw going into the apartment, and never saw either of them from the front. At trial, Spencer testified that while she did not see the faces of the two men during the break-in, she had seen the two walking around the area earlier that day.

{¶ 29} Essentially, appellant argues that the evidence regarding the identification of appellant as one of the individuals Spencer saw going into and out of the apartment was insufficient to establish that appellant was the perpetrator of the break-in. However, Spencer testified that the individual she saw apprehended by the police was the individual she had seen going through the door of the apartment, and she identified appellant in court as that same individual. Viewed in a light most favorable to the prosecution, we cannot say that the evidence was insufficient to support appellant's conviction.

---

1. From the testimony at trial, it appears that there was no common understanding of exactly what a "hoodie" is, with people describing a hoodie as, variously, a pullover sweatshirt with a hood, a hooded sweatshirt that zips up the front, or some other type of jacket with a hood.

{¶ 30} Furthermore, this is not a case in which the jury clearly lost its way so that reversal on manifest-weight grounds is required. Although there were some inconsistencies in the evidence regarding the jacket worn by appellant, the jury as factfinder was in the best position to weigh the evidence presented, along with the demeanor of the witnesses, in order to determine which witnesses were most credible. Given the great deference that must be provided to the factfinder's determination regarding credibility, we cannot say that the verdict in this case was against the manifest weight of the evidence.

{¶ 31} Therefore, appellant's third and fourth assignments of error are overruled.

{¶ 32} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

TYACK, P.J., and FRENCH, J., concur.