[Cite as *State v. Lee*, 2014-Ohio-5265.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :         C.A. CASE NO.    26300

v.                                               :         T.C. NO.    12CR994

MICHAEL A. LEE                                   :         (Criminal appeal from
                                                           Common Pleas Court)

    Defendant-Appellant                      :

                                                 :

· · · · · · · · · ·

## O P I N I O N

Rendered on the ____26th____ day of ____November____, 2014.

· · · · · · · · · ·

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL A. LEE, Inmate #668-574, Madison Correctional Institution, 1851 State Route 56, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se Notice of Appeal of Michael A. Lee, filed July 1, 2014.   Lee appeals from the denial of his April 25, 2014 pro se "Motion: Non Final Appealable Order/ Resentencing Hearing."   We hereby affirm the judgment of the trial court.

{¶ 2}   As this Court noted in *State v. Lee*, 2d Dist. No. 25632, 2014-Ohio-627, ¶ 1:

> After a jury trial in the Montgomery County Court of Common Pleas, Michael A. Lee was convicted of possession of cocaine in an amount equal to or exceeding 100 grams and possession of heroin in an amount equal to or exceeding 50 grams but less than 250 grams, both first-degree felonies. Lee waived his right to a jury trial on four counts of having a weapon while under disability, and he was convicted of those charges after a bench trial. The trial court imposed concurrent sentences totaling eleven years in prison.

This Court affirmed Lee's conviction.   *Id.,* 27.

{¶ 3}   Lee asserts a single assigned error herein as follows:

"IMPOSING A SENTENCE THAT WAS CONTRARY TO LAW."

{¶ 4}   Lee asserts that the trial court erred in sentencing him to 11 years in prison because a major drug offender specification was not included in his indictment. Lee failed to challenge his sentence in his direct appeal, and   "[a] valid, final judgment rendered in a prior action on the merits of the claims presented bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. * * * The bar likewise applies to claims that could have been raised in the prior

action but were not. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104." *State v. Jones*, 2d Dist. Montgomery No. 20109, 2004-Ohio-2424, ¶ 8.

**{¶ 5}** Even if Lee's assigned error were not barred, which it is, it lacks merit. We note that Lee directs our attention to R.C. 2941.1410, which provides as follows:

> (A) Except as provided in sections 2925.03 and 2925.11 of the Revised Code, the determination by a court that an offender is a major drug offender is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender is a major drug offender. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
>
> "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender is a major drug offender)."
>
> (B) The court shall determine the issue of whether an offender is a major drug offender.
>
> * * *

**{¶ 6}** We further note that in overruling Lee's motion, the trial court determined as follows:

> * * * O.R.C. § 2925.11(C)(4)(f) provides that possession of cocaine in an amount equal to or greater than one hundred grams is a felony of the first

degree, the offender is a major drug offender, and the court "shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.["] The maximum prison term of a felony of the first degree is eleven years which is the prison term Mr. Lee was sentenced to serve. There is, accordingly no basis upon which to modify Mr. Lee's sentence.

**{¶ 7}** R.C. 2925.11 provides as follows:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

* * *

(f) If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

{¶ 8}     In *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593 (10ᵗʰ Dist.), the Tenth District analyzed a similar inconsistency between R.C. 2941.1410 and R.C. 2925.11(C)(1)(e), which also provides that "if an offender possesses an amount of drugs that equals or exceeds one hundred times the bulk amount, the offender is statutorily mandated to be a major drug offender."  *Id*., ¶ 23. The Tenth District noted as follows:

In *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, the Ohio Supreme Court instructed:

"* * * R.C. 1.51 directs us to first construe conflicting statutory provisions, where possible, to give effect to both. Only where the conflict is deemed irreconcilable does R.C. 1.51 mandate that one provision shall prevail over the other. We have judicially recognized similar rules of statutory construction:

" 'First, all statutes which relate to the same general subject matter must be read *in pari materia*. And, in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. This court in the

interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict."_ (Citations omitted.) Id., citing *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018.

Here, R.C. 2941.1410, introduced by S.B. No. 107, passed on October 20, 1999, approved on December 22, 1999, and effective March 23, 2000, is the general provision regarding the specification of major drug offender status required in an indictment or information. On the other hand, R.C. 2925.11, introduced by H.B. No. 241, passed on January 19, 2000, approved on February 15, 2000, and effective May 17, 2000[1], is the specific provision concerning drug possession offenses. R.C. 2925.11 was passed and approved after the general provision. The fact that R.C. 2925.11 is the more specific provision and the product of more recent legislation suggests that the legislature intended R.C. 2925.11 to control under the facts here.

{¶ 9} We note that Lee's January 30, 2013 Judgment Entry of Conviction neither designates Lee as a major drug offender nor characterizes his 11 year sentence as mandatory. Since, pursuant to R.C. 2929.14(A)(1), the maximum prison term for a felony of the first degree is 11 years, the trial court correctly concluded that there was "no basis upon which to

---

[1]We note that the effective date of the current version of R.C. 2925.11 is December 20, 2012.

modify Mr. Lee's sentence." Since Lee's sentence is not contrary to law, his sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Michael A. Lee
Hon. Michael L. Tucker