ABELE, J.
{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. A jury found Michael Simpson, defendant below and appellant herein, guilty of (1) possession of cocaine in violation of R.C. 2929.11(A) ; (2) possession of heroin, in violation of R.C. 2925.11(A) ; (3) trafficking in cocaine, in violation of R.C. 2925.03(A)(2) ; and (4) trafficking in heroin, in violation of R.C. 2925.03(A)(2). The trial court merged the possession and trafficking charges for both drugs, found appellant to be a major drug offender, and sentenced him to serve twelve and one half years in prison.
{¶ 2} Appellant assigns one error for review:
"THE TRIAL COURT ERRED BY FINDING SIMPSON TO BE A MAJOR DRUG OFFENDER."
{¶ 3} On March 11, 2016, a Gallia County Grand Jury returned an indictment that charged appellant with (1) possession of cocaine in an amount equal to or exceeding one hundred grams (190.424 grams), in violation of R.C. 2925.11(A), a first-degree felony, (2) possession of heroin in an amount equal to or exceeding one gram, but less than five grams (1.965 grams), in violation of R.C. 2925.11(A), a fourth-degree felony, (3) trafficking in cocaine in an amount equal to or exceeding one hundred grams (190.424 grams), in violation of R.C. 2925.03(A)(2), a first-degree felony, and (4) trafficking in heroin in an amount equal to or exceeding one gram, but less than five grams (1.965 grams), in violation of R.C. 2925.03(A)(2), a fourth-degree felony. Appellant pled not guilty to all charges.
{¶ 4} During a one-day trial, Ohio State Highway Patrol Trooper Matthew Atwood testified that, on March 11, 2016, he stopped a vehicle for a headlight violation and the failure to use a turn signal. Trooper Atwood determined that Jodie Arthur, the front seat passenger, owned the vehicle. The driver, Patricia Smith, indicated to Trooper Atwood that she and Arthur had driven to Dayton to get appellant, but that she did not know appellant's name. Appellant, the backseat passenger, sat with two cell phones on his lap and his hands in the air.
{¶ 5} Arthur told Trooper Atwood that when they stopped, appellant tried to give her something and told her to hide it. Arthur also granted Trooper Atwood consent to search her vehicle. When Trooper Atwood told Smith that Arthur had consented to a vehicle search, Smith admitted that her purse contained spoons and syringes *597 because she is an addict. Trooper Atwood found three syringes and two spoons with heroin residue. Near where appellant's feet had been on the backseat floor, Trooper Atwood found a yellow grocery bag that contained a bag of opened Chex Mix. Buried in the Chex Mix bag were several plastic bags that contained what Trooper Atwood immediately recognized as crack cocaine and heroin.
{¶ 6} At trial, Arthur testified that Smith is her friend and she asked to borrow her car to pick up a friend in Dayton. Arthur testified that while Trooper Atwood spoke with Smith outside the vehicle, appellant said to her "take this, put it in your vagina. It's not going to hurt you, I promise it's going to be okay." Arthur testified that she did not turn around to see what appellant was attempting to give to her, but when she told him no, he asked her once or twice more. In addition, the state played a recording of the traffic stop that contained conversations between appellant and Smith, and included appellant saying "don't say nothing Patty," as Trooper Atwood removed the Chex Mix bag from the vehicle. At trial, the state also introduced evidence regarding the weight of each drug.
{¶ 7} On April 17, 2017, after hearing the evidence and counsel's arguments, the jury found appellant guilty on all counts. At the sentencing hearing, the trial court merged counts one and three, merged counts two and four and sentenced appellant on count three (trafficking in cocaine in an amount equal to or exceeding 100 grams in violation of R.C. 2925.03(A)(2) ) and count four (trafficking in heroin in an amount equal to or exceeding 1 gram but less than 5 grams in violation of R.C. 2925.03(A)(2) ). The court determined that (1) pursuant to R.C. 2929.14(A)(1) the maximum prison term for a conviction of a first-degree felony is eleven years, (2) appellant committed his crimes while on federal felony probation, as well as probation in West Virginia, and (3) appellant has a history of drug offenses and incarceration, noting that appellant's crimes occurred two or three months after his release from prison. The court sentenced appellant to (1) serve eleven years for count three, with a R.C. 2925.03(C)(4)(g) major drug offender classification, (2) serve eighteen months for count four, and (3) serve the prison terms consecutively to one another. Finally, the court ordered five years of postrelease control on count three and up to three years on count four. This appeal followed.
{¶ 8} In his sole assignment of error, appellant asserts that the trial court erred by finding him to be a major drug offender. Appellant notes that this appeal is not premised upon a factual review, but instead a conflict in the law with respect to the major drug offender classification.
{¶ 9} The interpretation of a statute is a matter of law that an appellate court reviews de novo. State v. Straley , 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9. A court must first look at the language of the statute. Id. , citing Provident Bank v. Wood , 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). If the language is clear and unambiguous, courts must apply the language as written. Straley at ¶ 9. However, "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant. Id. at ¶ 10, citing State v. Young , 62 Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting United States v. Bass , 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Further, the "primary role in statutory construction is to give effect to the legislature's intention." Cline v. Ohio Bur. of Motor Vehicles , 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991), citing Carter v. Youngstown Div. of Water , 146 Ohio St. 203, 65 N.E.2d 63 (1946), paragraph one of the syllabus.
*598 {¶ 10} In the case sub judice, the jury found appellant guilty of possession of cocaine ( R.C. 2925.11(A) ), possession of heroin ( R.C. 2925.11(A) ), trafficking in cocaine ( R.C. 2925.03(A)(2) ), and trafficking in heroin ( R.C. 2925.03(A)(2) ). The trial court merged the possession and trafficking convictions for both drugs and imposed an eleven-year sentence for trafficking in cocaine and eighteen months for trafficking in heroin. In its entry, the court quoted R.C. 2925.03(C)(4)(g) and concluded that "[p]ursuant to the statutory mandate, and upon its own finding, the Court finds that the Defendant is a major drug offender."
{¶ 11} R.C. 2925.03 lists drug trafficking offenses. Here, appellant violated R.C. 2925.03(A)(2). Subsection (C)(4) provides that "[i]f the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows: * * * (g) If the amount of the drug involved equals or exceeds one hundred grams of cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." R.C. 2929.01 provides definitions for words and phrases in Chapter 2929 and, with regard to cocaine, R.C. 2929.01(W) provides: " 'Major drug offender' means an offender who is convicted of or pleads guilty to the possession of, sale of, or offer to sell any drug, compound, mixture, preparation, or substance that consists of or contains * * * at least one hundred grams of cocaine."
{¶ 12} Appellant asserts that his R.C. 2925.03(A)(2) trafficking conviction was for committing one of the actions of "prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute" cocaine, but that none of these actions are included within the statutory definition of major drug offender. Under R.C. 2929.01(W), to be classified a major drug offender an offender must be convicted of "possession of, sale of, or offer to sell" a drug. Thus, appellant asserts that because appellant was not convicted of possession of cocaine (that offense merged into the trafficking offense), or for the sale of or offering to sell cocaine (he was convicted of the (A)(2) division of trafficking rather than the (A)(1) division that prohibits the sale or offering to sell), his conduct fell outside the statutory definition of a major drug offender. Consequently, appellant argues that his major drug offender classification is contrary to law.
{¶ 13} "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." State v. Moaning , 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). "Utilizing the rules of statutory construction contained in R.C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises." Davis v. State Personnel Bd. of Rev. , 64 Ohio St.2d 102, 105, 413 N.E.2d 816 (1980) ; accord SER Clay v. Cuyahoga Cty. Med. Examiner's Office , 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 29. Thus, assuming, arguendo, that R.C. 29250.03(C)(4)(g) and R.C. 2901.01(W) conflict, the more specific controls.
{¶ 14} The state cites State v. Lee, 2d Dist. Montgomery No. 26300, 2014-Ohio-5265, 2014 WL 6679047, for authority that R.C. 2925.03 and R.C. 2925.11 are specific provisions and more recent than R.C. 2929.01(W). In Lee, the court held: "
*599 R.C. 2941.1410[1] , introduced by S.B. No. 107, passed on October 20, 1999, approved on December 22, 1999, and effective March 23, 2000, is the general provision regarding the specification of major drug offender status required in an indictment or information. On the other hand, R.C. 2925.11, introduced by H.B. No. 241, passed on January 19, 2000, approved on February 15, 2000, and effective May 17, 2000, is the specific provision concerning drug possession offenses. R.C. 2925.11 was passed and approved after the general provision. The fact that R.C. 2925.11 is the more specific provision and the product of more recent legislation suggests that the legislature intended R.C. 2925.11 to control under the facts here." Lee at ¶ 8.
{¶ 15} Lee does not, however, specifically address the discrepancy in the case at bar. Lee addressed the conflict between R.C. 2925.11 (possession) and R.C. 2941.1410, the statute outlining the format of the major drug offender specification in the indictment. However, we do believe that the analysis is instructive. R.C. 2929.01(W), introduced by H.B. 130, effective on June 20, 2014, is the general provision that defines major drug offender status. On the other hand, R.C. 2925.03, introduced by H.B. 64, effective on September 29, 2015, is the specific provision concerning drug trafficking offenses. R.C. 2925.03 was enacted after the general provision, is the more specific provision, defines who is a major drug offender in the context of a trafficking charge, and is the product of more recent legislation. This suggests that the legislature intended R.C. 2925.03 to control under the facts here. See also State v. Elkins , 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593. Therefore, R.C. 2925.03(C)(4)(g) is the more specific statute and should control.
{¶ 16} In addition to his argument that his conduct fell outside the statutory definition of major drug offender, appellant also appears to argue that the state did not present sufficient evidence concerning the actual weight of the cocaine contained within the substances.
{¶ 17} State's Exhibit C-1, Report of Analysis, Controlled Substance Examination, established that the bag that Trooper Atwood retrieved contained 190.424 grams of cocaine. The Supreme Court of Ohio recently held that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." State v. Gonzales , 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 3. We see no reason that this reasoning should not apply to trafficking under R.C. 2925.03. Because the state produced evidence at trial to establish that appellant engaged in trafficking in cocaine in an amount exceeding 100 grams, we believe that a rational trier of fact could have found the essential elements of R.C. 2925.03(C)(4)(g) proven beyond a reasonable doubt.
*600 {¶ 18} Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error.
JUDGMENT AFFIRMED.
{¶ 19} I concur in judgment and opinion. But I also believe that appellant's contention that he was not convicted of possession of cocaine, because the trial court merged the jury's guilty verdict on that count with the verdict for trafficking in cocaine, is simply wrong.
{¶ 20} In 2010 the Supreme Court of Ohio resolved any confusion over the effect of merger for sentencing on the viability of the finding of guilt for the merged offense. The court did construe the meaning of "conviction" as it is used in R.C. 2941.25(A) to mean both the guilty verdict and the imposition of sentence or penalty. But the court held at paragraph three of the syllabus, "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." State v. Whitfield , 124 Ohio St.3d. 319, 2010-Ohio-2, 922 N.E.2d 182.
{¶ 21} Therefore Simpson remains guilty of possession of cocaine even though the trial court did not impose a sentence on that count. And having been found guilty of possession, he meets the definition found in R.C. 2929.01(W).
McFarland, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

R.C. 2941.1410 provides: "(A) Except as provided in sections 2925.03 [trafficking] and 2925.11 [possession] of the Revised Code, the determination by a court that an offender is a major drug offender is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender is a major drug offender. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form: 'SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender is a major drug offender).' (B) The court shall determine the issue of whether an offender is a major drug offender. (C) As used in this section, 'major drug offender' has the same meaning as in section 2929.01 of the Revised Code."