[Cite as *State v. Smith*, 2020-Ohio-6694.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 20CA8 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| MIRANDA C. SMITH, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, Patrick T. Clark, Assistant State Public Defender, and Max Hersch, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Highland County Common Pleas Court judgment convicting Appellant, Miranda Smith, of one count of rape of a child under the age of thirteen and one count of burglary after Smith pleaded no contest to both charges. On appeal, Smith only challenges her rape conviction and raises a single assignment of error contending that the trial court violated her right to due process when it found her guilty of rape in the absence of sufficient evidence.

However, because we find no merit to her sole assignment of error, it is overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} On December 3, 2019, Miranda Smith was indicted on two counts of rape, both first-degree felonies in violation of R.C. 2907.02(A)(1)(b), two counts of pandering obscenity involving a minor, both second-degree felonies in violation of R.C. 2907.321(A)(1), one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2) and one count of theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1).  Smith entered into plea negotiations with the State and ultimately pleaded no contest to one count of rape, amended to specify the involvement of a child under the age of thirteen, rather than under the age of ten as contained in the original indictment, as well as one count of burglary.

{¶3} Smith only challenges her rape conviction on appeal.  A review of the record indicates that the basis of the rape conviction at issue involved an incident that occurred sometime between June 1, 2019, and September 1, 2019, in which Smith directed her then two-year old son to insert an object described as a sex toy into her vagina.  Smith claimed she did so at the request of her ex-boyfriend Wesley Moore.  Smith videoed this incident and sent it to Moore at his request.

{¶4} After the trial court denied her motion to dismiss the rape charge, as well as her motion to suppress evidence, she pleaded no contest to one count of

rape as well as the burglary count, in exchange for the dismissal of all other charges.  On March 19, 2020, the trial court sentenced Smith to ten years to life in prison on the rape charge, to be served consecutively to a two-year prison term on the burglary charge.  It is from this judgment that Smith now brings her timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

{¶5} In her sole assignment of error, Smith contends that the trial court violated her right to due process when it found her guilty of rape in the absence of sufficient evidence.  As set forth above, Smith pleaded no contest to the charge, but contends that the facts that formed the basis of her plea did not sufficiently allege the subsection of rape under which she was charged.  The State responds by arguing that the conduct at issue constituted sexual conduct and that "it is unfathomable that it was not the purpose and intent of the legislature to proscribe acts such as those committed herein through the use of the O.R.C. §2907.02."  We begin by considering the appropriate standard of review when conducting an analysis of the sufficiency of the evidence.

{¶6} "A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the verdict as a matter of law."  *State v. Blanton*, 2018-Ohio-1278, 110 N.E.3d 1, ¶ 12 (4th Dist.), citing State v. Dunn, 4th Dist. Jackson No. 15CA1, 2017-Ohio-518,

¶ 13, citing *State v. Wickersham*, 4th Dist. Meigs No. 13CA10, 2015-Ohio-2756, ¶ 22; *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt." *Blanton* at ¶ 12, citing Thompkins at syllabus. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *Blanton* at ¶ 12; citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), superseded by constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997). "Furthermore, a reviewing court is not to assess 'whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.' " *Blanton* at ¶ 12, quoting *Thompkins*, *supra*, at 390.

{¶7} This test raises a question of law and does not allow us to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 174, 485 N.E.2d 717 (1983). Rather, the test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts." *Jackson* at 319.  We reserve the

issues of the weight given to the evidence and the credibility of witnesses for the

trier of fact.  *State v. Thomas*, 70 Ohio St.2d 79, 79–80, 434 N.E.2d 1356 (1982);

*State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus

(1986).

{¶8} Smith was convicted of rape of a child under the age of thirteen, in

violation of R.C. 2907.02(A)(1)(b).  R.C. 2907.02 defines the offense of rape and

provides, in pertinent part, as follows:

> (A)(1) No person shall engage in *sexual conduct* with another who is
> not the spouse of the offender or who is the spouse of the offender but
> is living separate and apart from the offender, when any of the
> following applies:
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not
> the offender knows the age of the other person.  (Emphasis added).

R.C. 2907.01 defines "sexual conduct" as follows:

> vaginal intercourse between a male and female; anal intercourse,
> fellatio, and cunnilingus between persons regardless of sex; and,
> without privilege to do so, the insertion, however slight, of any part of
> the body or any instrument, apparatus, or other object into the vaginal
> or anal opening of another.  Penetration, however slight, is sufficient to
> complete vaginal or anal intercourse.

{¶9} At issue here is Smith's plea of no contest to the amended charge of

rape of a child under the age of thirteen.  The child at issue was her two-year old

son.  During her plea hearing, she admitted to the conduct described in the bill of

particulars, as well as an additional description of the conduct that was read into the record. Although a notice of service of the bill of particulars was filed with the clerk indicating the bill of particulars had been provided to the defense, it was not made part of the record. Further, although the record indicates the trial court had a copy of the bill of particulars at the plea hearing, there is no copy in the appellate record. However, Smith filed a motion to dismiss and the memorandum in support of the motion stated as follows with respect to the information contained in the bill of particulars:

> The Bill of Particulars that was provided to defense counsel on December 18, 2019 alleges that on October 17, 2019 during an interview with the Defendant, that Wesley Moore, a co-defendant, wanted videos of the Defendant engaging in sexual acts and to please Mr. Moore, the Defendant had Z.W. (approximately age 2) masturbate her with a sex toy while she filmed the act.

Additionally, in a brief oral argument regarding Smith's motion to dismiss that was held on the record just prior to the hearing on the motion to suppress, defense counsel referenced that the bill of particulars stated that a video was made where Smith was "in a prone position with the minor child subject to this case, using a sex toy on the defendant." Defense counsel further stated "[t]he video depicts the defendant in a position, with her legs open, with a minor child subject to this case, using a sex toy on her."

{¶10} Further, during the plea hearing, the State read the following into the record in order to supplement the factual allegations in the indictment and bill of particulars:

> When Detective Antinore started reviewing the SD cards, the charge that is the subject of Count Five, was found. What it is, is five videos – and they're very short – I'm not sure why it's broke up as five videos, other than when she sent them it may have been too long as one solid video to send, so it was broke up into five videos. But, the video is, as was described yesterday in the Motion to Dismiss, of her child performing a sexual act on her with a female toy. She videoed it, and in the video you can see the tattoo on her leg very clearly.

{¶11} In support of Smith's motion to dismiss, defense counsel argued that "sexual conduct" would include a scenario "where a defendant would insert something into an individual; not where someone else is inserting it into the defendant * * *." Counsel further argued that there is no case law specifically on point on this particular issue because this conduct "doesn't fit the statute." Smith essentially makes the same argument on appeal.

{¶12} More specifically, Smith contends that "[t]he rape statute, R.C. 2907.02(A)(1) does not criminalize [her] conduct – having another person insert an object into her." She argues that the plain language of the rape statute requires "sexual conduct, which does not include causing another to insert an object." She further argues that the plain meaning of the language employed in the rape statute "is confirmed by reading the rape statute *in pari materia* with the gross sexual

imposition statute, R.C. 2907.05." For comparison purposes, R.C. 2907.05

provides as follows:

> (A) No person shall have *sexual contact* with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; *or cause two or more other persons* to have sexual contact when any of the following applies:
>
> * * *
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person. (Emphasis added).

Further, R.C. 2907.01 defines "sexual contact," as opposed to "sexual conduct," as

follows:

> "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

{¶13} "The interpretation of a statute is a matter of law that an appellate

court reviews de novo." *State v. Simpson*, 2018-Ohio-1348, 109 N.E.3d 595, ¶ 9,

citing *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9.

"A court must first look at the language of the statute." *Simpson* at ¶ 9, citing

*Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). Thus,

"[i]f the language is clear and unambiguous, courts must apply the language as

written." Simpson at ¶ 9, citing *Straley* at ¶ 9. However, "where there is

ambiguity in a criminal statute, doubts are resolved in favor of the defendant. "

*United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971);

*Simpson* at ¶ 9. Further, we are mindful that the " 'primary role in statutory

construction is to give effect to the legislature's intention.' " *Simpson* at ¶ 9,

quoting *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77

(1991), citing *Carter v. Youngstown Div. of Water*, 146 Ohio St. 203, 65 N.E.2d

63, paragraph one of the syllabus (1946).

{¶14} Like the parties, this Court has been unable to locate another case in

Ohio involving this particular type of conduct. Thus, there are no cases directly on

point or controlling on this specific type of conduct and issue, which involves the

question of whether the insertion of an object by a child at the direction of an adult,

into the vagina of the adult, constitutes rape. As stated, in this particular case the

adult was the mother of the child, a two-year-old male, and the object involved is

described in the record as a sex toy. Further, not only did Smith direct her son to

perform this act, she videoed it and sent it to her ex-boyfriend. Smith has admitted

to the facts surrounding this incident and simply argues that these facts do not meet

the statutory definition of rape.

{¶15} More specifically, Smith argues that "[u]nlike the rape statute, the

gross sexual imposition statute specifically proscribes causing another to engage in

sexual contact." Smith argues that when comparing R.C. 2907.02(A) with R.C.

2907.05(A), "the absence of 'cause another' language in the rape statute – and its

presence in the gross sexual imposition statute – demonstrates that the General Assembly intended to proscribe [the conduct at issue herein] as gross sexual imposition. Finally, Smith contends that "to the extent the plain language of the rape statute and the structure of Chapter 2907 leave ambiguities, lenity resolves this issue" in her favor.

{¶16} The State responds by arguing that the conduct at issue here involved penetration, which goes beyond the prohibition of "sexual contact" set forth in the gross sexual imposition statute. As set forth above, the State further contends that it is "unfathomable" that the legislature did not intend for this type of conduct to be covered by the rape statute. The State concedes there is no case law directly on point but does cite to one case that involved a child inserting his penis into the anus of an adult, at the direction of the adult, which affirmed a conviction for rape. *State v. Allen*, 1st Dist. Hamilton No. C-840479, 1985 WL 6781. The State also directs our attention to *State v. Sloane*, 7th Dist. Mahoning No. 06MA144, 2009-Ohio-1175, which affirmed a conviction for complicity to rape where Sloane forced a male child to have sex with a female child between the ages of four and five. The State contends that Smith's argument that a "defendant must be the one inserting something into another" is not consistent with the language of the rape statute because it, in effect, requires words be added to the statute to require that a

defendant "actually engage in the act of insertion." In light of the foregoing and for the following reasons, we agree with the State.

{¶17} In Ohio, the definition of "sexual conduct" includes "the insertion, however slight, of any * * * instrument, apparatus, or other object into the vaginal or anal opening of another." We cannot conclude that the plain language of the statute requires that the defendant be the one doing the inserting. Instead, we conclude the plain language simply requires that in order for sexual conduct to occur, one individual must insert an object into the vaginal or anal opening of another individual, as opposed to one's own vaginal or anal opening. It appears that the plain language simply requires that two individuals be engaged in this type of conduct for sexual conduct to occur. Further, as noted by the State, this conduct goes beyond the plain language of the gross sexual imposition statute, which does not include the element of penetration. We further conclude that although *Allen* and *Sloane* both involve different types of sexual conduct, read together they are instructive to this particular set of facts, which admittedly is unique and thankfully, rare. Finally, we join in the State's position that the legislature surely intended that this type of conduct fall within the parameters of the definition of sexual conduct and, thus, be classified as rape.

{¶18} Any other result would be absurd, and " '[i]t is presumed that the legislature does not intend absurd results.' " *State v. Clemons*, 2013-Ohio-3415,

996 N.E.2d 507, ¶ 14, quoting *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 56, citing *State ex rel. Haines v. Rhodes*, 168 Ohio St. 165, 5 O.O.2d 467, 151 N.E.2d 716, paragraph two of the syllabus (1958); *Widen v. Pike Cty.*, 187 Ohio App.3d 510, 2010-Ohio-2169, 932 N.E.2d 929, ¶ 23. Based upon the foregoing reasoning and the absurd result that we would reach if we apply the definitions contained in R.C. 2907.01 to not include the conduct at issue herein to be included in the definition of "sexual conduct" for the purposes of rape, we overrule Smith's sole assignment of error.

{¶19} Accordingly, having found Smith's conviction was supported by sufficient evidence and having overruled her sole assignment of error, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**