[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Smith*, Slip Opinion No. 2022-Ohio-269.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-269

THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Smith*, Slip Opinion No. 2022-Ohio-269.]**

*Criminal law—A conviction for rape based on insertion under R.C. 2907.02(A)(1)(b) must be supported by evidence that the defendant inserted a body part or object into another—Court of appeals' judgment reversed and cause remanded.*

(No. 2021-0051—Submitted November 9, 2021—Decided February 2, 2022.)

APPEAL from the Court of Appeals for Highland County,

No. 20CA8, 2020-Ohio-6694.

_____

**FISCHER, J.**

{¶ 1} In this case, we are asked to decide whether a conviction for rape based on insertion must be supported by evidence that the defendant inserted a body part or object into another. Based on the plain and unambiguous language in Ohio's rape statute, R.C. 2907.02(A)(1)(b), and an applicable statutory definition, R.C.

2907.01(A), we hold that it must. Because there was no such evidence in this case, we reverse the judgment of the Fourth District Court of Appeals, and we remand the case to the trial court for modification of the conviction and for resentencing.

## I. BACKGROUND

**{¶ 2}** The facts in this case are not in dispute. Appellant, Miranda Smith, pleaded no contest to multiple offenses, including a single count of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b). When Smith entered her plea, she admitted that she had directed her two-year-old son to insert a sex toy into her vagina and that she had filmed the act. What is in dispute is whether those acts are sufficient to sustain a conviction under R.C. 2907.02(A)(1)(b).

**{¶ 3}** On direct appeal, Smith argued that, because she did not insert a body part or object into another, there was insufficient evidence to support her conviction for rape under R.C. 2907.02(A)(1)(b). 2020-Ohio-6694, 164 N.E.3d 1016, ¶ 5. The Fourth District rejected that argument and affirmed her conviction. In doing so, the court of appeals concluded that there is nothing in "the plain language of the statute that requires the defendant [to] be the one doing the inserting," *id.* at ¶ 17, and that it would be "absurd" to read the statute in a way that did not capture Smith's conduct, *id.* at ¶ 18.

**{¶ 4}** Following the Fourth District's decision, we accepted Smith's appeal to consider whether a conviction for rape based on insertion must be supported by evidence that the defendant inserted a body part or object into another. *See* 161 Ohio St.3d 1450, 2021-Ohio-534, 163 N.E.3d 587.

## II. ANALYSIS

**{¶ 5}** Whether there is legally sufficient evidence to sustain a conviction is a question of law that this court reviews de novo. *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15. The key question in a sufficiency-of-the-evidence case is "whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the

essential elements of the crime beyond a reasonable doubt." *Id.*, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn.4.

{¶ 6} In Ohio, "all criminal offenses are statutory," which means that the elements necessary to constitute a particular crime must be gathered "wholly from the statute." *State v. Ford*, 128 Ohio St. 3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 10. In this case, the relevant statute, R.C. 2907.02(A)(1)(b), provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." As the term is used in R.C. 2907.02(A)(1)(b), "sexual conduct" means the unprivileged "insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A).

{¶ 7} Smith contends that to be guilty of rape by insertion under R.C. 2907.01(A), a defendant must have inserted a body part or object into another—as opposed to someone else having inserted a body part or object into the defendant. In other words, Smith argues that there was insufficient evidence to support her conviction because there is a legally significant distinction between engaging in sexual conduct with another and causing another to engage in sexual conduct. Given the plain and unambiguous statutory text, we agree.

{¶ 8} In interpreting a statute, we first look to the language of the statute. *State v, Chappell,* 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16. Where, as here, "the meaning of the statute is clear and definite, it must be applied as written." *Id.*

{¶ 9} Plainly, to violate R.C. 2907.02(A)(1)(b), a person (the defendant) must "engage in sexual conduct with *another*" (emphasis added), and R.C. 2907.01(A), as relevant here, defines "sexual conduct" as the insertion of a body

part, instrument, or object into "another." Reading these statutes together, a conviction for rape based on insertion must be supported by evidence that the defendant inserted a body part or object into another.

{¶ 10} The state asks us to ignore the word "another" and to conclude that Ohio law requires only an act of insertion and that it does not matter whether it is the victim or the defendant who does the inserting. In other words, the state is essentially asking us to rewrite R.C. 2907.02(A)(1)(b) to make the statute fit the facts of this case. We cannot do that, though. *See Wheeling Steel Corp. v. Porterfield*, 24 Ohio St.2d 24, 27-28, 263 N.E.2d 249 (1970). Instead, we must apply the law as written. And as written, R.C. 2907.02(A)(1)(b) does not capture Smith's conduct.

{¶ 11} Of course, the fact that Smith's conduct does not fall under the rape statute does not mean that it is not criminal. R.C. 2907.05(A) defines the crime of gross sexual imposition ("GSI"), making it unlawful for an offender to cause another person to "have sexual contact with the offender." Thus, as Smith conceded in her merit brief and at oral argument, while there was insufficient evidence to support her rape conviction, there was sufficient evidence to support a GSI conviction. Those concessions matter.

{¶ 12} When there is insufficient evidence to sustain a conviction for one crime, but sufficient evidence to sustain a lesser included offense of that crime, Ohio law permits a court to modify the verdict accordingly, without ordering a new trial. Crim.R. 33(A)(4); R.C. 2945.79(D); *see also State v. Robinson*, 161 Ohio St. 213, 118 N.E.2d 517 (1954), paragraph one of the syllabus.

{¶ 13} Because GSI is a lesser included offense of rape, *State v. Johnson*, 36 Ohio St.3d 224, 522 N.E.2d 1082 (1988), paragraph one of the syllabus, the trial court can modify its judgment to reflect that Smith is guilty of GSI.

4

### III. CONCLUSION

**{¶ 14}** Accordingly, we hold that a conviction for rape based on insertion must be supported by evidence that the defendant inserted a body part or object into another. Because that evidence was absent here, we reverse the judgment of the Fourth District Court of Appeals. Because, however, there was sufficient evidence to sustain a conviction for GSI, a lesser included offense of rape, we remand this matter to the trial court to modify Smith's conviction and to resentence her accordingly.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Anneka P. Collins, Highland County Prosecuting Attorney, and Adam J. King, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Max Hersch, Assistant Public Defender, for appellant.

————————————