[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bertram*, Slip Opinion No. 2023-Ohio-1456.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1456

THE STATE OF OHIO, APPELLEE, *v*. BERTRAM, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bertram*, Slip Opinion No. 2023-Ohio-1456.]

*Criminal law—Sufficiency of the evidence—Burglary—R.C. 2911.12(A)—To prove that a defendant trespassed by stealth or deception in a burglary case, the state must prove that the defendant actively avoided discovery or used deceptive conduct to gain entry into the structure—Court of appeals' judgment reversed, burglary conviction and judicial sanction associated with it vacated, and cause remanded to trial court to enter judgment of conviction for lesser included offense of criminal trespass and sentencing.*

(No. 2022-1047—Submitted April 19, 2023—Decided May 3, 2023.)

APPEAL from the Court of Appeals for Scioto County,

No. 21CA3950, 2022-Ohio-2488.

_____

**DONNELLY, J.**

{¶ 1} In this appeal, we are asked to determine whether appellee, the state of Ohio, presented sufficient evidence at trial to convict appellant, Donald Bertram, of burglary under R.C. 2911.12(A)(2), which required the state to prove that Bertram trespassed by "force, stealth, or deception." Because the evidence was insufficient to prove the element of trespass by "force, stealth, or deception" as those terms are defined under Ohio law or according to their plain meanings, we reverse the judgment of the Fourth District Court of Appeals and vacate Bertram's burglary conviction and judicial-sanction sentence imposed under R.C. 2929.141. We remand the case to the trial court for it to enter a judgment of conviction against Bertram for criminal trespass under R.C. 2911.21(A)(1) and to sentence him, in accordance with this opinion.

**Background**

{¶ 2} Timothy Huff testified that on the afternoon of September 18, 2020, he was landscaping at his home when he heard a car with a "loud muffler." This "alerted" him, and he briefly went inside his house to retrieve his cellphone. When he came back outside, he made eye contact with Bertram, the driver of the car. Huff watched as Bertram drove past his house to a monastery up the road. When Bertram reached the monastery, he turned his car around, drove back down the road, and then parked the car on the road, near the end of Huff's driveway.

{¶ 3} Huff testified that Bertram then exited his car and started walking toward Huff's garage, which was open. Huff told the jury that as Bertram approached the garage, Bertram was acting "very cavalier" and had "no sense of urgency at all." Huff watched as Bertram strolled into the garage with a "smile on his * * * face." Based on Bertram's smile and cavalier attitude during the encounter, Huff did not initially believe that Bertram was intending to steal from him.

**{¶ 4}** Huff testified that once Bertram entered the garage, he picked up a leaf blower worth around $500 and then walked back toward his car. As Bertram walked back toward his car, Huff "told him to stop, put it down." Instead, Bertram placed the leaf blower into the passenger side of his car and then entered the car. Because Bertram's car did not start immediately, Huff was able to take several close-up photos of Bertram. Once Bertram got the car started, he drove away.

**{¶ 5}** At trial, Bertram moved for acquittal under Crim.R. 29(A), but the trial court denied the motion. The jury convicted Bertram of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony. At sentencing, the court terminated Bertram's previously imposed postrelease control and imposed a 491-day judicial-sanction prison sentence for the postrelease-control violation. The court sentenced him to an indefinite prison term of 8 to 12 years for the burglary offense, and it ordered the prison sentences to be served consecutively.

**{¶ 6}** On direct appeal to the Fourth District, Bertram argued that there was insufficient evidence to support his burglary conviction because the state had failed to prove that he used force, stealth, or deception—as required by R.C. 2911.12(A)—to enter Huff's open garage. 2022-Ohio-2488, ¶ 19. The court of appeals rejected Bertram's argument, reasoning that Huff's testimony showed that Bertram's "attitude and demeanor" had deceived Huff into believing that Bertram was not intending to trespass into the garage and steal the leaf blower. *Id.* at ¶ 38. Additionally, the court opined that Bertram's "conduct could be construed as sly behavior in an attempt to avoid the impression that he intended to steal the leaf blower." *Id.* Thus, the court of appeals held that the state had presented sufficient evidence to establish that Bertram "trespassed by stealth or deception." *Id.* at ¶ 26, 38.

**{¶ 7}** We accepted Bertram's discretionary appeal to consider the following proposition of law:

3

To prove trespass by stealth or deception in a burglary case,
the state must show that the trespasser actively avoided discovery or
used deceptive conduct to gain entrance to the structure.

*See* 168 Ohio St.3d 1452, 2022-Ohio-3903, 198 N.E.3d 105.

**Law and Analysis**

{¶ 8} Under a sufficiency-of-the-evidence analysis, the key inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4. A challenge to the sufficiency of the evidence is reviewed de novo. *See State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15.

{¶ 9} The state charged Bertram with burglary in violation of R.C. 2911.12(A)(2). That statute provides: "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent * * * habitation of any person when any person * * * is present or likely to be present, with purpose to commit in the habitation any criminal offense." Thus, the elements that the state was required to prove to convict Bertram of burglary were (1) a trespass by force, stealth, or deception (2) into an occupied structure (3) when another was present or likely to be present (4) with the purpose to commit a criminal offense in the structure. *See id.*

{¶ 10} The "force, stealth, or deception" element refers to how a trespasser gained entry into the structure. Neither the state nor the court of appeals has

suggested that Bertram trespassed by force, and we find no evidence that he did so. Bertram contends that "[a]lthough the record shows that [he] trespassed on * * * Huff's property with the purpose to commit a criminal offense, there is no evidence that he accomplished the trespass " 'by stealth * * * or deception.' R.C. 2911.12(A)." We agree that the state presented insufficient evidence to prove that Bertram trespassed by stealth or deception.

{¶ 11} The interpretation of a statute is a matter of law, which we review de novo. *State v. Jeffries*, 160 Ohio St.3d 300, 2020-Ohio-1539, 156 N.E.3d 859, ¶ 15. When interpreting a statute, we begin by reviewing its plain language. *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 3, 16. When the meaning of a statute is clear and definite, it must be applied as written. *Id.* at ¶ 16. "To determine the plain meaning of a statute, a court relies on the definitions provided by the legislative body." *Lingle v. State*, 164 Ohio St.3d 340, 2020-Ohio-6788, 172 N.E.3d 977, ¶ 15. "When a term is not defined in the statute, we give the term its plain and ordinary meaning." *Id.*

{¶ 12} The court of appeals used the definition of "deception" provided in R.C. 2913.01(A).[1] 2022-Ohio-2488 at ¶ 25. That definition states:

> "Deception" means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act or omission that creates,

---

1. The opening clause of R.C. 2913.01 states that the listed definitions that follow it apply "[a]s used in this chapter." But the offense of burglary falls under R.C. Chapter 2911, not R.C. Chapter 2913. The parties have not disputed the applicability of the statutory definition, and this was also the definition supplied to the jury in this case, so we rely on it here. Regardless, the result in this case would be the same applying either the statutory definition or the plain meaning of the term.

confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

{¶ 13} "Stealth" is not defined in the Revised Code, so we consider its plain and ordinary meaning. In determining the plain and ordinary meaning of a word, courts may look to dictionary definitions of the word as well as the "meaning that the word[] ha[s] acquired when * * * used in case law." *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256, ¶ 21.

{¶ 14} Merriam-Webster defines "stealth" as "intended not to attract attention." *Merriam-Webster's Collegiate Dictionary* 1221 (11th Ed.2003). And "stealth" has been defined in caselaw as " 'any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission.' " *State v. Ward*, 85 Ohio App.3d 537, 540, 620 N.E.2d 168 (3d Dist.1993), quoting *State v. Lane*, 50 Ohio App.2d 41, 47, 361 N.E.2d 535, 540 (10th Dist.1976). The court of appeals used this caselaw definition, 2022-Ohio-2488 at ¶ 26, and that definition has not been disputed here.

{¶ 15} The state asserts that Bertram's "cavalier attitude" and "sly behavior" were deceptive conduct intended to mask his intention to steal the leaf blower from Huff's garage and that the evidence satisfied the element of "stealth" or "deception." But the state's interpretation of these words is contrary to the statutory definition and the plain meanings of the words.

{¶ 16} Here, the evidence utterly failed to establish that during his trespass, Bertram engaged in any secret, sly, or clandestine conduct. Bertram did not act to avoid his discovery or to reduce the chance of his being noticed. Nor did Bertram deceive, mislead, lie to, or trick Huff into granting him entry into the garage.

**{¶ 17}** The evidence presented at trial reveals that the loud muffler on Bertram's car alerted Huff to the car as Bertram drove past Huff's house. In fact, the two made eye contact, and Huff watched as Bertram drove up the road. Huff became suspicious and went inside his house to get his cellphone. Bertram did not try to conceal his car or wait until Huff went away before entering the garage. Instead, Bertram parked the car close to Huff's driveway and in Huff's plain view. According to Huff, Bertram acted "cavalier" and had "no sense of urgency" as he moved toward the garage with a "smile" on his face. In the full view of Huff and without saying a word, Bertram walked toward the open garage in broad daylight, entered it, and then grabbed Huff's property and left with it. After examining this evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the burglary offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶ 18}** Bertram did not commit burglary under Ohio law, because he did not gain access to Huff's garage by force, stealth, or deception. *See* R.C. 2911.12(A). The state did not present sufficient evidence to prove all the elements necessary to convict Bertram of burglary. We therefore vacate his burglary conviction and judicial sanction imposed under R.C. 2929.141, the latter of which cannot be imposed unless the offender is convicted of a *felony* while on postrelease control. Here, we are vacating Bertram's felony conviction, so the judicial sanction associated with it cannot stand.

**{¶ 19}** But this does not mean that Bertram is not guilty of a crime in this case. At oral argument, Bertram conceded that the evidence of his conduct sufficiently proved the offenses of criminal trespass and misdemeanor theft. We have held that "[w]hen there is insufficient evidence to sustain a conviction for one crime, but sufficient evidence to sustain a lesser included offense of that crime," it is appropriate to modify the verdict accordingly, without ordering a new trial. *State v. Smith*, 167 Ohio St.3d 220, 2022-Ohio-269, 191 N.E.3d 418, ¶ 12.

**{¶ 20}** "Criminal trespass" is defined as knowingly entering or remaining on the land or premises of another without privilege to do so. R.C. 2911.21(A)(1). Lower courts have determined that criminal trespass is a lesser included offense of burglary. *See, e.g.*, *State v. Morris*, 9th Dist. Medina No. 07CA0044-M, 2008-Ohio-3209, ¶ 7, 11; *State v. Miller*, 11th Dist. Lake No. 2002-L-162, 2004-Ohio-6342, ¶ 61.[2] We order the trial court on remand to enter a judgment of conviction against Bertram for misdemeanor criminal trespass under R.C. 2911.21(A)(1).

### Conclusion

**{¶ 21}** We hold that to prove that a defendant trespassed by stealth or deception in a burglary case, the state must prove that the defendant actively avoided discovery or used deceptive conduct to gain entry to the structure. Because the evidence did not show that Bertram made any attempt to actively avoid his discovery or use deceptive conduct to gain entry into the open garage, the evidence was insufficient to convict him of burglary. However, when Bertram walked into the open garage without privilege to do so, he committed the lesser included offense of criminal trespass.

**{¶ 22}** We reverse the judgment of the court of appeals, vacate Bertram's burglary conviction and judicial sanction, and remand the case to the trial court for it to enter a judgment of conviction against Bertram for criminal trespass under R.C. 2911.21(A)(1) and sentence him accordingly.

Judgment reversed

and cause remanded.

KENNEDY, C.J., and FISCHER, DEWINE, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

2. Theft is not a lesser included offense of burglary. *See State v. Crump*, 190 Ohio App.3d 286, 2010-Ohio-5263, 941 N.E.2d 859, ¶ 20 (10th Dist.).

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Max Hersch, Assistant Public Defender, for appellant.

————————