[Cite as *State v. Jarrett*, 2023-Ohio-1627.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF WARREN, | CASE NO. 2022-T-0081 |
| Plaintiff-Appellee, | Criminal Appeal from the Warren Municipal Court |
| - vs - | |
| JENNIFER E. JARRETT, | Trial Court No. 2021 CRB 002247 |
| Defendant-Appellant. | |

# **O P I N I O N**

Decided: May 15, 2023
Judgment: Affirmed

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*John P. Laczko*, John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Jennifer E. Jarrett, appeals her conviction for Assault in the Warren Municipal Court.  For the following reasons, the conviction is affirmed.

{¶2}   On November 24, 2021, Jarrett was charged by way of Complaint with Assault, a first-degree misdemeanor in violation of Warren Codified Ordinance 537.03.

{¶3}   On July 19, 2022, a bench trial was held at which the following testimony was given:

{¶4}    Katrina Marie Carr testified that, on the morning of November 21, 2021, she and other family members were at the Shelter House in Packard Park to prepare for a Thanksgiving dinner.  After their arrival, Shadeziah Johnson (Jarrett's daughter) and some other people arrived to collect items left at the facility from a prior event.  An argument developed between the two groups of people and the people in Carr's group told Johnson's group to leave.  After Johnson's group departed, Carr's group moved their items outside the facility.

{¶5}    About 20 minutes later, Johnson returned with a group of people including Jarrett.  Johnson was allowed back in the facility to ensure that all her belongings had been removed.  As Johnson was exiting, she shoved past Carr and her sister (Ticarra Blackwell).  Carr and Blackwell pushed back.  Johnson "turned around, and she started macing."  Carr was maced in her face by Johnson.  Carr did not see what Jarrett was doing at this moment.

{¶6}    Latoya Gore testified that she was with her sister, Carr, at the Shelter House on November 21.  During the shoving incident, Jarrett sprayed her in the face with mace: "I saw [Jarrett] with her hand in the air, but I didn't realize she was actually spraying at that time * * * until * * * it hit me in the face."

{¶7}    Lela Momon testified that she was with her friend, Carr, at the Shelter House on November 21.  She saw Jarrett "pull[] up the pepper spray" and begin spraying Carr and her sisters.

{¶8}    Shadeziah Johnson testified that, as a result of the events on November 21, 2021, she pled guilty to Attempted Assault.  While Johnson admitted to using pepper spray, she claimed no one else in her group did so.

2

Case No. 2022-T-0081

{¶9} Jennifer Jarrett testified that, on November 21, she returned to the Shelter House with her daughter, Johnson, after she was rudely treated by Carr and her group. When Johnson began using the pepper spray, Jarrett grabbed her and in the process was maced herself. During the commotion, she noticed someone from Carr's group retrieve a handgun from a vehicle. Jarrett and her family then left the park.

{¶10} The municipal court found Jarrett guilty of Assault, fined her $100, sentenced her to 180 days in jail with 177 days suspended, and placed her on probation for two years.

{¶11} On August 1, 2022, Jarrett filed a Notice of Appeal. On appeal, she raises the following assignment of error: "The trial court denied appellant due process under the Fourteenth Amendment due to the fact her conviction for assault was against the manifest weight of the evidence and the trial court judge's finding of guilt was inconsistent with the evidence and testimony presented at trial."

{¶12} There is no question "that a court of appeals has the authority to reverse a judgment as being against the weight of the evidence." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 7. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

3

a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Citation omitted.) *Id.*

{¶13} Moreover, "[t]he trier of fact is free to believe or disbelieve all or any of the testimony" and "is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible." *State v. Haney*, 11th Dist. Lake No. 2012-L-098, 2013-Ohio-2823, ¶ 43. "Consequently, although an appellate court must act as a 'thirteenth juror' when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility." (Citation omitted.) *Id.*

{¶14} In order to convict Jarrett of Assault, the prosecution was required to prove that she "knowingly cause[d] or attempt[ed] to cause physical harm to another." Warren Codified Ordinance 537.03(a).

{¶15} Jarrett argues that her conviction was "based upon varying, contradicted evidence and unreliable witness testimony at trial." She maintains that a review of Carr's, Gore's, and Momon's testimony "will indicate a hostile, emotion packed verbal altercation between the parties, inconsistencies in their testimony, the inability of the alleged victim to identify Appellant as her perpetrator and a lack of testimony of an act of assault by these witnesses by the charged and convicted co-defendant, Shadeziah Johnson."

{¶16} We do not find such deficiencies or inconsistencies in the prosecution's witnesses that the court's verdict must be reversed. There were no material discrepancies in these witnesses' testimony, although each witness testified from a

4

different perspective. Carr testified that she was sprayed in the eyes by Johnson and could not see Jarrett. Gore saw Jarrett raise her hand but did not initially realize what she was doing. Momon, who was farther away from Jarrett than Carr and Gore and who was not sprayed in the face, had the clearest view of Jarrett's activity. Significantly, both Gore and Momon testified that Jarrett sprayed the pepper spray indiscriminately in the direction of Carr and her sisters. Thus, even if Jarrett did not actually spray Carr, the evidence demonstrates that she attempted to do so. We acknowledge that these witnesses' testimony is flatly contradicted by the testimony of Johnson and Jarrett as to whether Jarrett had or used pepper spray on the date in question. Without compelling testimony undermining the credibility of any of the witnesses, we defer to the trier of fact's resolution of conflicting testimony.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, Jarrett's conviction for Assault is affirmed. Costs to be taxed against the appellant.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

5

Case No. 2022-T-0081