[Cite as *State v. Green*, 2026-Ohio-2255.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0062 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| WALTER O. GREEN, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00192 |

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Timothy P. Bogne*r, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean P. Martin*, Martin Law Office, L.L.C., P.O. Box 716, Willoughby, OH 44096 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1}	Appellant, Walter O. Green, appeals the order of the Portage County Court of Common Pleas convicting him of Aggravated Burglary and multiple counts of Violating a Protection Order.  We affirm.

{¶2}	The charges against Green stem from an incident that occurred on March 9, 2024, at a campground in Portage County.  Green arrived at the camper owned by Mark Shorder with the intent to speak with "Jane Doe," Green's on- and off-again girlfriend.  Green spoke with Shorder on the porch before he entered the camper to address Doe.  A struggle ensued between Green and Doe, followed by Shorder grabbing

Green and throwing him out of the camper. Green was indicted on multiple charges pertaining to this incident on March 14, 2024.

{¶3} The matter eventually proceeded to jury trial on one count of Aggravated Burglary (Count I), one count of Strangulation (Count II), and three counts of Violating a Protection Order (Counts III, IV, V). The jury returned guilty verdicts on the counts of Aggravated Burglary and Violating a Protection Order. The jury found Green not guilty of Strangulation. The trial court sentenced Green to six to nine years in prison on Count I and six months each on Counts III through V, all to be served concurrently.

{¶4} Green filed a timely appeal and asserts two assignments of error for review:

[1.] The State of Ohio failed to produce legally sufficient evidence to convict the Appellant on Count One.

[2.] Appellant's conviction on Count One is against the manifest weight of the evidence.

{¶5} In his first assignment of error, Green argues that the State did not present sufficient evidence to convict him of the offense of Aggravated Burglary. We disagree.

{¶6} "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "A challenge to the sufficiency of the evidence is reviewed de novo." *State v. Bertram*, 2023-Ohio-1456, ¶ 8.

{¶7} The State charged Green with Aggravated Burglary in violation of R.C. 2911.11(A)(1), which provides:

Case No. 2025-P-0062

No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another.

{¶8} Green limits his sufficiency argument to challenging the State's evidence regarding the element of "force, stealth, or deception." This element refers to how a trespasser gains entry into the occupied structure. *Bertram* at ¶ 10. "[T]o prove that a defendant trespassed by stealth or deception in a burglary case, the state must prove that the defendant actively avoided discovery or used deceptive conduct to gain entry to the structure." *Id.* at ¶ 21. "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶9} The State has not suggested that Green trespassed by stealth or deception, and we find no evidence that he did so. Green further maintains that he did not gain entry by force because he did not open the camper door to gain entry and he did not assault Shorder as he entered the camper. Green contends that this conclusion is supported by Shorder's initial statements to law enforcement, in which he did not indicate that Green opened any door to enter the camper. Green's sufficiency argument collapses, however, as he acknowledges Shorder testified at trial that Green *did* open two doors to enter the camper.

{¶10} "Ohio courts have generally held that the force requirement is met when a defendant enters through a closed, but unlocked, door." *State v. Vidal*, 2016-Ohio-8115, ¶ 27 (11th Dist.), citing *State v. Snyder,* 2011-Ohio-175, ¶ 18 (9th Dist.) (citing cases from multiple appellate districts). Shorder testified that his camper has a screen door inside the fiberglass door. While he was on the porch with Green, both doors were closed.

Case No. 2025-P-0062

Then, Shorder said, Green "just ran up there, grabbed the door, ran inside." Viewing this testimony in a light most favorable to the prosecution, the State presented sufficient evidence to prove beyond a reasonable doubt that Green exerted force against the closed door to gain entry into the camper.

{¶11} Green's first assignment of error is without merit.

{¶12} In his second assignment of error, Green argues that his conviction of Aggravated Burglary is against the manifest weight of the evidence. We disagree.

{¶13} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis deleted.) *Thompkins*, 78 Ohio St.3d at 387, quoting *Black's Law Dictionary* (6th Ed. 1990). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony." *Id*., quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id*., quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id*., quoting *Martin* at 175.

{¶14} Green again argues that he did not gain entry by force because he did not open any door to enter the camper, which he claims is supported by Shorder's initial

Case No. 2025-P-0062

statements to law enforcement and contrary to Shorder's trial testimony that appellant *did* open the doors to enter the camper. However, "'[t]he trier of fact is free to believe or disbelieve all or any of the testimony' and 'is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.'" *State v. Csehi*, 2024-Ohio-779, ¶ 20 (11th Dist.), quoting *State v. Jarrett*, 2023-Ohio-1627, ¶ 13 (11th Dist.). Here, the jury was free to believe Shorder's trial testimony, that both doors to the camper were closed when appellant gained entry, was truthful. Consequently, we must give great deference to the jury's determination of Shorder's credibility. *See id*. Moreover, Doe testified that she heard the door shut behind Shorder when he went out on the porch to talk with Green and then heard the door open with "a bang" when Green entered the camper.

{¶15} After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice such that Green's conviction for Aggravated Burglary must be reversed and a new trial ordered. Green has not demonstrated that this is the exceptional case in which the evidence weighs heavily against his conviction.

{¶16} Green's second assignment of error is without merit.

{¶17} The judgment of conviction entered by the Portage County Court of Common Pleas is hereby affirmed.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-P-0062

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0062